# COMMON PLEAS
No. 820
### SCHULTZ v. UNION GAS & ELECTRIC CO. et.
Hamilton Common Pleas
Decided August 14, 1925

1010. REFERENDUM LAWS—Does not apply to rate ordinance in pursuance of franchise contract entered into before existance of such laws.

677. JUDGMENT—When allowed to become final, issue therein determined becomes res judicata as to same matters between same parties.

DARBY, J.

William Schultz's petition in the Hamilton Common Pleas set forth the passage by the council of Cincinnati of an ordinance regulating the price to be charged by the Union Gas and Electric Co.; and that proper proceedings have been instituted for a referendum of such ordinance; but that the Gas Co. threatens to put into effect the gas rates under the ordinance before the expiration of the thirty day period in which to file petitions in referendum.

It is prayed that the city be restrained from putting the ordinance into effect and that the Company be enjoined from charging the rates fixed thereunder within the thirty day period; and that upon full hearing the restraining order be made permanent.

It was claimed by the Company that in 1905 when it entered into a franchise contract with the City there were no referendum laws in existance, that by virtue of that contract the ordinance of 1925 was passed, and accepted by it; and that said referendum laws do not apply to the franchise contract or ordinance in pursuance thereof. It was further claimed by the Company that the District Court, where the question was directly presented, held that no referendum laws in this State applied to the franchise contract or rate ordinance in pursuance thereof. It was further claimed that the Common Pleas and the Court of Appeals decided that the decision of the District Court was a final determination of matters involved. The Common Pleas Court held:

1. "A fact or question which was actually in issue in a former suit, and was there ju-

(Continued on Page 597)

# STATE SUPREME COURT

## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of NEW CASES DOCKETED

State ex v. Asmann et ................ 19357
State ex v. Bd. of Ed................. 19358
State ex v. Bd. of Ed................. 19359
State ex v. Bd. of Ed................. 19360
State v. Dawson ................... 19356
State v. Krauss .................... 19355

### SEPTEMBER 15, 1925

19355—State of Ohio v. Henry Krauss; error to the Court of Appeals of Hamilton County. C. S. Bell, Edw. Strasser, Cincinnati, attys. for pltf; Miller & Elston, Cincinnati; E. H. & W. B. Turner, Dayton, attys. for deft.

### SEPTEMBER 17, 1925

19356—In the Matter of the Exceptions of the Prosecuting Attorney of Muskingum County in the case of State of Ohio v. E. T. Dawson; motion for leave to file bill of exceptions to Common Pleas Court of Muskingum County. C. J. Crossland, Pros. Atty., Zanesville, O., atty. for pltf; C. C. Lemert, Judge Common Pleas Court, Zanesville, O., atty. for deft.

### SEPTEMBER 18, 1925

19357—State of Ohio ex rel Frank K. Bowman, Solicitor of Cincinnati v. J. Harry Asmann et al; in Mandamus. Frank K. Bowman, City Solicitor; L. L. Forrschheimer, Cincinnati, for pltf; Chas. S. Bell, Pros. Atty., Cincinnati for deft.

### SEPTEMBER 19, 1925

19358—State of Ohio ex rel Retirement Bd. of State Teachers Retirement System v. Board of Education of Mankin Rural School District, Ashland County Ohio and Wm. Switzer, Clerk thereof. In Mandamus. C. C. Crabbe; Wilber E. Benoy; Chas. S. Bell, for pltf.

19359—State of Ohio ex rel Retirement Bd. of State Retirement System v. Board of Education of the Sherman School District, Shelby County, Ohio, and Henry Ernst, Clerk thereof. In Mandamus. C. C. Crabbe, W. E. Benoy, Chas. S. Best, Columbus, for pltf.

19360—State of Ohio ex rel Retirement Bd. of State Teachers Retirement System v. Board of Education of the Short Rural School District, Shelby County, Ohio, and H. F. Hoelscher, Clerk thereof. In Mandamus. C. C. Crabbe, W. E. Benoy, Chas. S. Best, Columbus, for pltf.

## Weekly Abstract of PENDING CASES

### No. 821
### CONN et v. JONES, Treas.
### No. 19329. Supreme Court

On motion to certify. Dock. Aug. 15, 1925; 3 Abs. 530.

1159. TAXES AND ASSESSMENTS—May proceedings to forfeit and sell real property for non-payment of alleged illegal taxes be enjoined independently of 12075 GC?

Harry L. Conn, as trustee under the will of George H. Marsh brought an action against John Jones as treasurer of Van Wert County to enjoin the collection of taxes upon real and personal property belonging to the Marsh Foundation, and to enjoin him from threatened proceedings to sell or forfeit the lands as if delinquent.

The action was brought on the ground that the property was exempt from taxation under that provision of 5353 GC. relating to "property belonging to institutions of public charity only." Conn claimed the taxes were illegal and void; and that the property was beyond the taxing powers of the taxing officers. This was appealed from the Common Pleas to the Court of Appeals.

In the Supreme Court on a motion to certify Conn contends that the meaning of 12075 GC. which provides for the collection of taxes illegally assessed, is clearly established, to the effect that it provides a remedy by injunction against the collection of illegal taxes regardless of the existance of other remedies. It is an affirmative statute.

It is contended that Jones' contention that 12075 GC. is repealed by the enactment of later statutes (5616-1, 5611-2 GC.) by implication, is not well taken in that repeals by implication are not favored. In State v. Barkman, 91 OS. 248-251, it was held that it is only when a statute is in clear conflict with existing legislation upon the same subject matter that the existing legislation will be held to be repealed by implication.

It is claimed that 5616 GC. does not purport to provide an exclusive remedy; but is merely an affirmative statute, authorizing a complaint to the tax commission of Ohio as to certain determinations of a county auditor. The most that can be claimed for 5616 GC. is that it provides a legal remedy and that resort may be had to a suit for injunction under 12075 regardless of the existance of other remedies.

It is urged that the auditor did not act with respect to the 1922 taxes until Aug. 1923. That was the first time he put the property on for taxation for 1922. Section 5616 would not authorize a complaint to the tax commission in 1923 with respect to the liability or exemption of property in the year 1922.

The questions presented then are:—Whether in case the taxes are illegal, Conn has a right

to an action for an injunction, notwithstanding provisions of 5616, 5611 and 5611-2 GC; whether proceedings to forfeit or sell real property for non-payment of illegal taxes may be enjoined independently of 12075 GC.

Attorneys—Conn, Hoke & Wright, Van Wert; Wilson & Rector, Columbus, for Conn; C. C. Crabbe, W. E. Benoy, Columbus, J. C. Miller, Van Wert, for Jones.

---

No. 822

### INDUSTRIAL COMMISSION v. VAN HORNE
No. 19271.  Supreme Court

On motion to certify. Dock. July 15, 1925; 3 Abs. 466.

631.  INDUSTRIAL COMMISSION — 1. Has it continuing jurisdiction after an award for compensation has been discontinued because the commission thought injured party amply compensated?

2.  Can Commission modify subsequent order of court?

Frank Van Horne was employed by the Cleveland Rubber Mold Mach. & Mfg. Co. and while so engaged he stumbled and fell injuring his left knee. The Company was insured under the Workmen's Compensation Law. Application for compensation was made and the Industrial Commission took jurisdiction of the claim and paid him for nearly two years at the rate of $15.00 per week.

At that time, the commission, after an examination of the claimant, came to the conclusion that the condition he was in was not the result of the injury he received, but was the result of a bone disease with which he had become afflicted, known as osteo arthritis. Compensation was discontinued for that reason.

Van Horne took the case into the Cuyahoga Common Pleas and the jury returned a verdict granting him permanent total compensation at the rate of $12.00 per week for the remainder of his natural life. The Court of Appeals affirmed this judgment.

In the Supreme Court the Commission contends that the verdict is contrary to law, that the construction of 1465-90 GC. is involved as is also the interpretation of the phrase "upon any other jurisdictional ground going to the basis of the claimant's right," contained in said section 1465-90 GC.

It is contended that when the Commission made the finding, in which Van Horne was denied the right to participate further in the state insurance fund, because he had been deemed amply compensated, it is not one from which an appeal may be taken, as it did not go to the basis of his right to participate in the Workmen's Compensation, but related merely to the amount of compensation to be paid for the injuries suffered.

It is claimed that looking to the context of the statute, "jurisdictional ground going to the basis of the claimant's right," is one which would not give the Commission jurisdiction to make an award. This it is claimed, would seem to be the proper construction for the clause, "Upon any other jurisdictional ground going to the basis of the claimant's right," following the provisions to the effect that the right of appeal does not exist except where the defendant is denied the right to continue

to participate in such fund on the ground that the injury was self-inflicted, or the accident did not arise in the course of employment.

It is urged that it is clear from the statute that the Commission has full authority in all cases to determine as to whether or not it has jurisdiction and that its decision is final except in case its final action denies the right to the claimant to participate at all or to continue to participate in the Workmen's Compensation fund on the ground that the injury was self inflicted and did not arise in the cause of employment, or "upon any other jurisdictional ground going to the basis of claimants right."

It is argued that Van Horne therefore had no right to appeal in this case, and if he did have a right to appeal the jurisdiction of the Commission is continuing and they have full order to modify the order of the Common Pleas.

Attorneys—Edward C. Stanton and Guy R. Wheeler for Commission; R. O. Baskin for Van Horne; all of Cleveland.

---

No. 823

### PURNHAGEN et v. INDUSTRIAL COMMISSION
No. 19289.  Supreme Court

On motion to certify.  Dock. July 24, 1925; 3 Abs. 466.

114.  ATTORNEY AND CLIENT—Is attorney entitled to fees to be charged to Industrial Commission for services rendered for claimant in Court of Appeals and Supreme Court; where Commission prosecuted error and was unsuccessful therein?

Error was prosecuted and the Court of Appeals affirmed this judgment. Whereupon a motion to certify the record was filed in the Supreme Court. Said motion was denied. A motion was subsequently filed by **Purnhagen,** for an allowance of attorneys fees for the services rendered in the higher courts, namely the Court of Appeals and the Supreme Court. The Common Pleas sustained the motion and allowed $750 as fees to Purnhagen's attorneys for services in the upper courts. The Court of Appeals on error proceedings reversed this order of the trial court.

dicially passed upon and determined by a domestic court of competent jurisdiction, is conclusively settled by the judgments therein, so far as concerns the parties in that action, and persons in privity with them, and cannot again be litigated in any future action between such parties or privies in the same court, or in any other court of concurrent jurisdiction, upon the same or a different cause of action."

2. Applying this principle to the case at bar, it is certain that in the District Court the question of whether the referendum laws applied was raised. That court, in all events, distinctly and unequivocally held that the referendum sections did not apply to the rate ordinance. Judgment of that court is final.

3. The losing parties in the case in the Court of Appeals not having taken steps to obtain a review of the decision in that court, it became the final determination of the question involved.

Petition of Schultz dismissed.

Attorneys—Eli G. Frankenstein for Schultz; Frank K. Bowman for Cincinnati; Lawrence K. Langdon for Gas Co.; all of Cincinnati.